**RICHARD MAJHOR, Appellant,**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 06-05

October 13, 2005

Before KRUSE, Chief Justice; WARD,[*] Acting Associate Justice; SU`APAIA, Associate Judge; and SAOLE, Associate Judge.

Counsel: For Appellant, Eric A. Seitz, *Pro Hac Vice*, and Andrew T. Stave, Assistant Public Defender
For Appellee, David Cassetty, Assistant Attorney General, and Donald Pitzer, Assistant Attorney General

---

[*] Honorable John L. Ward II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

## ORDER DISMISSING APPEAL

### Introduction

Appellant Richard Majhor ("Majhor") is currently awaiting trial before the Trial Division on a number of criminal charges, including first-degree murder. Claiming that he cannot receive a fair trial in American Samoa, Majhor moved for a change of venue. The Trial Court denied his motion.

Several months later, Majhor renewed his motion, arguing that considerable media coverage of the case had poisoned the local jury pool and that, because of perceived jury bias, he desires to be tried elsewhere in one of the fifty states. In addition to the alleged media-inspired bias, Majhor argued below that Samoan cultural values remained anomalous to jury trials, and that Samoan juries are presumptively unable, because of longstanding cultural perspectives on justice generally and race[1] in particular, to impartially consider the evidence in his case. In short, Majhor believes that an all or largely Samoan jury will readily disregard the evidence before it and summarily convict him simply because he is non-Samoan and/or an "outsider."[2]

After an evidentiary hearing on Majhor's renewed motion for a change of venue, the Trial Court also denied the same. Majhor then moved for reconsideration, or alternatively, for leave to file an interlocutory appeal. Both motions were too denied; whereupon Majhor filed this interlocutory appeal seeking expedited process. For reasons given below, we dismiss for want of jurisdiction.

### Discussion

The Appellate Division has jurisdiction to review only "final decisions" of the trial courts. A.S.C.A § 3.0208(c). In general, a

---

[1] *Cf.* A.S.C.A. § 46.1502 ("A national shall not be excluded from jury service in this territory on account of race, color . . . national origin. . . .").

[2] We note that these very sorts of arguments were specifically rejected in *King v. Andrus*, 425 F.Supp. 11 (D.D.C. 1977), over a quarter century ago. Since that court's holding that criminal jury trials were neither "impractical nor anomalous" in this small island community, jury trials in criminal matters (not otherwise provided for in the territory up to that time) were mandated by way of directive to the Secretary of the Interior. Following this, the *Fono* (American Samoa Legislature) duly enacted legislation confirming the right to criminal jury trials in the American Samoa. *See* A.S.C.A. § 46.1501 *et seq.*

decision is not final for appeal purposes "until there has been a decision by the [trial] court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988) (quotations omitted). Clearly, a pretrial order regarding venue does not end the litigation on the merits, and is, therefore, hardly final for appeal purposes. *See United States v. Martin*, 620 F.2d 237, 238-39 (10th Cir. 1980) (holding that the district court's denial of a motion for change of venue lacks sufficient finality to justify immediate appellate review).

▆▆▆ Although Majhor conceded as much, both in his brief and during oral argument, he argues that the order below is nonetheless final and immediately appealable under the collateral order doctrine. This doctrine excepts a narrow range of interlocutory decisions from the general rule, allowing appeals from "a small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). To be immediately appealable under *Cohen*, the pretrial order must: 1) conclusively determine the disputed question; 2) resolve an important issue that is collateral to the merits of the case; and 3) be effectively unreviewable on appeal from a final judgment in the case. *Id.* at 546; *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978). Moreover, the collateral doctrine exception is only sparingly used in the criminal context. In *Flanagan v. United States*, 465 U.S. 263, 265 (1980), the Supreme Court went to great lengths to point out that "because of the compelling interest in prompt trials, the Court has interpreted the requirement of the collateral order exception to the final judgment rule with the utmost strictness in criminal cases."

▆▆▆ Assuming for brevity's sake that Majhor's appeal satisfies *Cohen's* first two requirements;[3] it does not, however, satisfy the third; namely, that the disputed order be "effectively unreviewable" on an appeal from final judgment. A pretrial decision is effectively unreviewable if it "involve[s] an important right which would be lost, probably irreparably, if review had to await final judgment." *Abney v. United States*, 431 U.S. 651, 685 (1977). Stated differently, the disputed order is effectively unreviewable if it concerns "an asserted right the legal and practical value of which would be destroyed if not vindicated before trial." *Flanagan*, 465 U.S. at 266.

---

[3] The disputed order conclusively determined venue. At the same time, the venue issue is certainly collateral to the underlying question for trial; namely, Majhor's guilt or innocence. *See Kim v. Am. Samoa Gov't*, 17 A.S.R.2d 193, 195 (App. Div. 1990).

Here, Majhor asserts that his Sixth Amendment right to an impartial jury would be compromised without a venue change. We cannot agree. On the contrary, we find that his right to an impartial jury would not, as a legal and practical matter, be irreparably lost or destroyed if not vindicated before trial.

The Supreme Court has recognized three instances in criminal prosecutions as falling within the narrow confines of the collateral order exception. In *Stack v. Boyle,* 342 U.S. 1, 4 (1951) the Court held that a pretrial order denying a motion to reduce bail was reviewable before final judgment, reasoning that the issue of bail becomes moot if the appeal has to wait until after conviction. Likewise, orders denying motions to dismiss indictments on double jeopardy grounds were also found to be immediately appealable. In *Abney,* the Court held that the Double Jeopardy Clause protects not only the right not to be *convicted* during a second prosecution, but also the right not to be *tried* a second time. 431 U.S. at 660. Thus, orders denying motions on double jeopardy grounds are immediately appealable because the right not to be tried a second time cannot be vindicated after a second trial occurs. Similarly, in *Helstoski v. Meanor,* 442 U.S. 500, 508 (1979), the Court held that the Speech and Debate Clause protects more than the right not to be convicted for certain legislative activities; it also protects the right not to stand trial and be questioned about those activities. Like *Abney,* the *Helstoski* Court held that if a person is to enjoy the Clause's full benefit, then challenging an order denying its protections must be reviewable before trial occurs, otherwise, those protections are lost. *Id.*

A common thread runs through *Stack, Abney* and *Helstoski.* There, the pretrial orders were both final and collateral, but more importantly, from a practical standpoint, the rights asserted in each would be dead letter were review postponed until trial is completed. *Flanagan,* 465 U.S. at 266. This is so because underlying each is the right not to be tried in the first place. *Id.*

Here, the Trial Court's order denying change of venue lacks this last critical ingredient. Unlike the pretrial bail issue, juror bias, as an appealable issue, is in no way moot if Majhor is convicted and sentenced.[4] Moreover, unlike denials on double jeopardy or speech and

---

[4] In fact, Majhor's argument that he cannot impanel a fair and impartial jury cannot even be adequately addressed until *after* voir dire is conducted and the jury seated. Only then, once a record is created, can an appellate panel meaningfully review claimed juror bias. *See Am. Samoa Gov't v. Fang,* 7 A.S.R.3d 104 , 107 (Trial Div. 2003); *see also Nevers v. Killinger,* 169 F.3d 352, 362-63 (6th Cir. 1999) (holding that the alleged prejudicial effect of pretrial publicity is discerned only by: 1)

debate grounds, the right to an impartial jury does not involve the right to not be tried; rather, it merely involves the right not to be convicted under certain circumstances. *Lafele v. Am. Samoa Gov't*, 4 A.S.R.3d 35, 37 (App. Div. 2000). While the Supreme Court has held that rights involving the former are entitled to immediate review (*see e.g. Abney* and *Helstoski*), the Court has similarly held that rights involving the latter must await final judgment until review is permitted. *See e.g., Flanagan*, 465 U.S. at 266 (holding that an accused's right to counsel of his choice did not involve the right to not stand trial in the first place, and, therefore, was not appealable under the collateral order exception.)

Here, Majhor's asserted right is not analogous to any of the three instances discussed above. While he correctly identifies the three *Cohen* factors, Majhor fails to explain how the Trial Court's order would be "effectively unreviewable" after judgment. *Cohen*, 337 U.S. at 546. Indeed, his only argument seems to be the presumptive claim that his trial would take on a "Kafka-like quality" if he was required to defend in a venue where possible juror bias exists. Additionally, he posits that if he were proven correct about jury bias, a post-judgment conviction appeal would be "too late" because he would have to bear the financial burden of defending two trials and one appeal. Appellant's Brief at page 6. This argument has been specifically rejected by the Supreme Court. *See e.g. Cobbledick v. United States*, 309 U.S. 323, 325 (1940) (holding that "[b]earing the discomfiture and cost of a prosecution for a crime even by an innocent person is one of the painful obligations of citizenship.").

**Order**

Satisfied that the Trial Court's order regarding venue is neither a "final decision" nor an immediately appealable decision under the "collateral order" exception, we dismiss for want of jurisdiction. It is so ordered.

---

examining the extent and nature of the publicity, and 2) examining the responses prospective jurors gave during voir dire).